**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A.B., an individual,<br>      **Plaintiff,**<br><br>    **v.**<br><br>**WYNDHAM HOTEL & RESORTS, INC.,**<br>**and OM SRI SA, INC., doing business as**<br>**"HOWARD JOHNSON BY WYNDHAM**<br>**BARTONSVILLE/POCONOS AREA,"**<br>    **Defendants.** | **CIVIL ACTION**<br><br><br><br>**NO.  23-3902** |

**O R D E R**

**AND NOW**, this 19th day of September, 2024, upon consideration of Defendants' Motion to Dismiss for Improper Venue and any response and opposition thereto, it hereby **ORDERED** that the request to transfer is **GRANTED,** and the Motion to Dismiss is **DENIED AS MOOT**.[1] Consistent with this Order, the Clerk of Court is directed to **TRANSFER** this matter to the United States District Court for the Middle District of Pennsylvania.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**
_____
    **HODGE, KELLEY B., J.**

---

[1] This case involves tragic facts; Plaintiff A.B. alleges that she was a victim of sex trafficking, and that for two years her trafficker regularly brought her to the Bartonsville Howard Johnson by Wyndham hotel, where she was abused, beaten, and forced to engage in sexual activity with "johns." (ECF No. 1 ¶¶ 1-9, 41-43). Plaintiff now brings this action against Wyndham Hotel & Resorts ("WHR"), which owns the Bartonsville Howard Johnson, for violating the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (ECF No. 1 ¶ 28). Defendants have moved to dismiss this claim for improper venue and for failure to state a claim upon which relief can be granted. (ECF No. 4 at 1). The Court agrees that venue in the Eastern District of Pennsylvania is improper, and the case shall be transferred to the United States District Court for the Middle District of Pennsylvania. Because the case will be transferred, this Court will not address the Motion to Dismiss for Failure to State a Claim or anything related to the merits of this case.

Venue is proper in a judicial district where: 1) any defendant resides, if all defendants are residents of the State in which the district is located; 2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

The Court agrees with Defendant that Plaintiff has not established venue in the Eastern District of Pennsylvania. Defendant WHR is a Delaware corporation with a principal place of business in New Jersey (ECF No. 4-1 at 6). Therefore, venue is not proper under 28 U.S.C. § 1391(b)(1). Plaintiff is a resident of Cumberland County, Pennsylvania, and the Bartonville Howard Johnson, where A.B. alleges the events that gave rise to this complaint took place, is located in Monroe County. (ECF No. 4-1 at 2). Both counties are in the Middle District of Pennsylvania. *See* United States Attorney's Office for the Middle District of Pennsylvania, *About the District*, https://www.justice.gov/usao-mdpa/about-district (updated July 19, 2018)*.* Taking Plaintiff's allegations as true, as the Court is required to do at the motion to dismiss stage, the events giving rise to this claim occurred in the Middle District of Pennsylvania, so venue in the Eastern District is not proper under 28 U.S.C. § 1391(b)(2). Nor has Plaintiff alleged any facts to establish Defendant's requisite minimum contacts with the Eastern District, such that personal jurisdiction is established, so venue is not proper under 28 U.S.C. § 1391(b)(3). *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 217 (3d Cir. 2007). Moreover, Plaintiff does not dispute that the Eastern District is not the proper venue, except to the extent that she objects to dismissal of the case. (ECF No. 7 at 2).

If a case is brought in the wrong venue, a district court must either dismiss the case, or in the interest of justice, transfer it to a district where venue is proper. *See* 28 U.S.C. § 1406(a); *Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 424 (E.D. Pa. 2005). Both parties here agree to this Court's transferring this case to the Middle District of Pennsylvania. (ECF No. 4-1 at 6; ECF No. 7 at 2). Because there is no dispute, the Court will transfer this case to the proper district to be resolved.